DILL *v.* DILL ET AL.

[No. 17,890. Filed November 7, 1949. Rehearing denied December 15, 1949. Transfer denied January 20, 1950.]

Martin, P. J., not participating.

*Claude Cline,* of Huntington, for appellant.

*U. S. Lesh* and *H. B. Spencer,* both of Huntington, for appellees.

WILTROUT, P. J.—Appellees by this action seek to recover damages arising from the obstruction by appellant of certain ditches. The jury returned a verdict in favor of appellees in the sum of $750.00. Appellant by this appeal questions the overruling of his motion for new trial.

Appellant and his wife own certain land which is to the east of and immediately adjacent to land owned by appellees. There is a public ditch on appellant's land, known as Sloan's Ditch, which was constructed in 1887. Three lines of tile were constructed many years ago from points on appellees' land, extending through the lands now owned by appellant and his wife, and reaching to and emptying into Sloan's Ditch. A public highway runs along the north boundary of the land of appellees and through appellant's land. Along the south line of this highway, and within its limits, there is a side ditch, extending to Sloan's Ditch.

Appellees allege in their amended complaint that appellant wrongfully broke, removed or displaced tile at points near the boundary line and rendered the drains inoperative; that such acts impaired the value of their land; impaired the growth and value of crops; that the odor from the water held back on appellees' lands has impaired the comfort and health of appellees' home, which is near the stale waters caused by the stoppage of the drains. Appellees also alleged that appellant filled in the side ditch along the public highway and thereby prevented surface water caused by heavy rains from flowing therein.

Appellant's position is that there was no competent or substantial evidence of any act on the part of appellant which caused any damage to appellees; that therefore the verdict is not sustained by sufficient evidence, is contrary to law, and that any amount of recovery assessed is too large. We have examined the evidence and find it sufficient to sustain the verdict. Along with other testimony there is that of one of the appellees that he saw appellant take tile from one of the ditches, before the filing of this action, and that these tile were never put back. The above stated position of appellant is untenable.

Appellant complains of the ruling of the court in permitting a witness to answer a question as to exhibit B. The transcript reveals that this question was asked concerning another exhibit, the admission of which is not challenged by the motion for new trial. Therefore no error is presented as to this question.

Appellant questions the admission in evidence of six photographs of the lands involved herein, on the ground that each was taken from one to two years after the claim for damages arose, without proof that the conditions were the same, and without proof that there had been no alteration in the premises. Appellant contends in his objection that they embrace some facts different than those existing during the period for which damages are claimed. Appellant argues that the changed condition was an embankment built by him and the leveling of certain ground. The evidence, however, shows the leveling of ground and the building of the embankment during the period in controversy. Appellant also argues that the pictures show a large amount of water on the ground, and that there is no showing that the weather conditions were the same when the pictures were taken as they were during the period in controversy. Appellant himself testified that there was not near as much rain during the year in which the picture was taken as there was during the previous years.

The evidence shows that two of the photographs were taken during the period for which damages are claimed, and are therefore not subject to the above objection. The court admitted the other four for the limited purpose of throwing such light as they might upon the conditions existing during the period of controversy, and instructed the jury as to the limited purposes for which they could consider such evidence.

As stated in *Scott on Photographic Evidence*, § 687: "Properly verified photographs of the premises involved are admissible in actions to recover damages caused by the overflow or diversion of water. The fact that such pictures do not show every part of the ground is not cause for their exclusion. So also, the fact that they were taken one or two years after the overflow does not render them incompetent if they are offered only for the purpose of showing permanent conditions as distinguished from those of a transient or temporary character."

The admission or rejection of photographs in evidence lies largely within the discretion of the trial court, and its discretion will not be disturbed unless an abuse thereof is shown. *Haven* v. *Snyder* (1931), 93 Ind. App. 54, 176 N. E. 149; *Central Indiana Ry. Co.* v. *Mitchell* (1936), 102 Ind. App. 121, 199 N. E. 439. In view of the limited purposes for which such photographs were admitted, no abuse of discretion by the trial court is shown.

Appellant also claims the court erred in permitting a witness to testify as to the fair rental value of appellees' land. Appellant's objection was that the theory of the complaint was for specific damage to certain crops and livestock, and therefore the fair rental value of the land was not in issue. A reading of the complaint indicates that the action was for injury to the real estate, as well as for damages to crops and livestock, and that the question was not subject to this objection.

We find no error, and the judgment is affirmed.

Martin, J., not participating.

NOTE.—Reported in 88 N. E. 2d 396.