EVANSVILLE SCHOOL CORPORATION *v.* ALFRED PRICE, ETC.

[No. 20,023. Filed July 9, 1965. Rehearing denied August 26, 1965. Transfer denied February 2, 1966.]

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellant.

*Joseph B. Minor,* of Evansville, for appellee.

PRIME, P. J.—This action was commenced by Alfred Price, father of Alfred Lee Price (deceased), against the Evansville School Corporation, to recover damages for wrongful death allegedly sustained as the result of the decedent, Alfred Lee Price, being injured while a spectator attending a baseball game at Bosse Field in the City of Evansville, Indiana. The boy, age 11, was struck on the head with a baseball on May 27, 1960, and died as a result of said injuries on May 29, 1960.

The case was originally filed in the Vanderburgh Probate Court and subsequently venued to the Warrick Circuit Court where it was tried by a jury on the issues as formed by the appellee's amended complaint and the amended answer of the appellant thereto. The jury returned a verdict favorable to the plaintiff-appellee, awarding him the sum of $14,500.00,

and the court rendered judgment on the verdict. The appellant filed its motion for a new trial, said motion was overruled by the trial court, and appellant appeals from this adverse ruling.

At the trial the appellee offered in evidence a color photograph designated Plaintiff's Exhibit No. 5. It depicted the deceased youth lying in his casket, after preparation by a mortician, and prior to interment. The photograph shows the white satin interior of the casket and that portion of the body exposed to public view. The decedent's face bears a deep tan, and he is clothed in a white sport coat and a blue shirt open at the neck. The photograph is not gruesome, nor does it depict any physical markings, wounds, defects or other bodily abnormalities. The appellant objected to the admission of Exhibit No. 5 for a number of reasons. First, appellant objected on the ground that the pleadings admitted the fact that the decedent died as a result of injuries sustained on May 27, 1960, and therefore, no issue was presented to the jury concerning the fact or cause of death. Second, that Exhibit No. 5 could only serve to inflame the minds of the jury or excite their feelings, rather than to enlighten them as to any of the facts in issue. Third, Exhibit No. 5 is not material to any issue involved in the case.

Appellee alleged that the photograph was being offered into evidence to show the physical characteristics of the boy, and to corroborate testimony that the boy was a "nice looking and healthy chap." It was also offered into evidence to establish the fact that the parents incurred funeral expenses for the boy, and "that he was properly interred."

Appellant further objected to the admission of Exhibit No. 5 into evidence on the grounds that there was testimony in the record of two witnesses concerning the boy's health prior to his death, and that a picture of a person after death could not establish the person's condition of health prior to death, especially in light of the fact that the body had been prepared

for burial by a mortician. Appellant also objected on the ground that the fact that the boy was "nice looking" or handsome does not constitute an admissible item of evidence because the measure of damages is limited to the pecuniary loss sustained by the parent.

Appellant's objections were overruled and the photograph was admitted into evidence. The appellant predicates error on this ruling by the trial court, for the reasons stated in the objections.

It is the rule in Indiana that the admission or rejection of photographs in evidence lies largely within the discretion of the trial court, and will not be disturbed unless an abuse of discretion is shown to have occurred. *Dill* v. *Dill* (1949), 120 Ind. App. 61, 65, 88 N. E. 2d 396 (Transfer denied). It is also the law in this state that in order for a photograph to be admissible in evidence, it must first be accepted by the trial court as *material and relevant*, and must tend to prove or disprove some material fact in issue. *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N. E. 2d 899. See also: *St. Luke's Hospital Asso.* v. *Long* (1952), 125 Colo. 25, 240 P. 2d 917, 31 A. L. R. 2d 1120; 3 Wigmore, Evidence 3d ed. § 792.

Relevancy is determined by an inquiry into whether or not a witness would be permitted to describe the objects photographed. *Hawkins* v. *State* (1942), 219 Ind. 116, 37 N. E. 2d 79. Photographs should assist and enlighten the members of the jury, and not confuse or unduly prejudice them. *Kiefer* v. *State, supra.*

The fact that a photograph might arouse the passions of the jury and prejudice them against one of the parties is not a sufficient ground to justify its exclusion if the photograph is *material and relevant. Kiefer* v. *State, supra.*

The above stated rules are applicable, whether the judicial

proceedings involved are criminal or civil in nature, and whether the photograph of the deceased is taken during his lifetime, or after death. 73 A. L. R. 2d 760, 769; 74 A. L. R. 2d 907, 928.

In the case at bar appellee argues primarily that Exhibit No. 5 was offered to corroborate the testimony of certain witnesses with respect to the decedent's physical characteristics prior to his death. This testimony was to the effect that the decedent was in excellent health, practically never sick, and was a good looking boy with a husky build. Further, that the boy was about 5 feet tall, weighed about 115 pounds, blond haired and blue eyed. Appellee asserts that the photograph accurately depicted the decedent's appearance before his death as well as after his death. It is difficult for us to see how Exhibit No. 5 could possibly be construed to establish the physical conditions and characteristics of this boy during his lifetime. This picture was not only taken after death, but also after the boy's body had been prepared for burial by a mortician.

Appellee also argued that Exhibit No. 5 was being offered into evidence to prove that the parents incurred funeral expenses for the boy, and "that he was properly interred." Again, we fail to see how this photograph of the decedent, lying in his casket, showing only a part of the interior of the casket, could aid the jury in deciding the question of funeral expenses. There was testimony concerning the amount of expenses incurred, and a copy of the funeral bill was introduced into evidence without objection as Plaintiff's Exhibit No. 19.

It appears to us that the only legitimate purpose for admitting this photograph would have been to establish the fact of death, and this fact was admitted by virtue of the pleadings.

Therefore, we are of the opinion that Plaintiff's Exhibit No. 5 should not have been admitted into evidence, and the trial court abused its discretion in permitting it to be ad-

mitted and exhibited to the jury. In the Kiefer case at page 107 of 239 Ind. our Supreme Court said:

"As a general rule a photograph that is 'entirely irrelevant and immaterial to any issue in the cause and which is of such a character as to divert the minds of the jury to improper or irrelevant considerations should be excluded from evidence.' 20 Am. Jur., Evidence, § 729, p. 609; Underhill's Cr. Evidence, 5th Ed., § 117, p. 16 (1958 Supp.)."

In our opinion Exhibit No. 5 was immaterial and irrelevant to any of the material facts in issue, and was prejudicial to the defendant.

Again we refer to the Kiefer case, wherein it is stated at pages 117 and 118:

". . . [T]o introduce evidence only for the purpose of arousing the passions and prejudices of the jury in such a manner as to cause them to abandon any serious consideration of the facts of the case and give expression only to their emotions, is clearly outside the scope of such duty . . ." (Referring to a duty of counsel to present relevant and material facts to the jury.)

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Carson, Faulconer and Martin,* JJ., concur.

NOTE.—Reported in 208 N. E. 2d 689.

---

* While Judge Martin participated in the hearing of the oral argument and conference of the judges above named, he concurred in the result at the time of the conference but did not participate in the adoption of this final opinion.