489 P.2d 446

**Henry A. ROSENBERG and Mary Rosenberg, husband and wife, Plaintiffs-Appellants,**

v.

**Carl TOETLY, Defendant-Respondent.**

**No. 10693.**

Supreme Court of Idaho.

Oct. 1, 1971.

414

415

Philip E. Peterson, Lewiston, for plaintiffs-appellants.

Ware, Stellmon & O'Connell, Lewiston, for defendant-respondent.

McQUADE, Chief Justice.

This action for damages resulting from an automobile collision was previously before this Court in 1969,[1] on appeal by defendant-respondent Toetly after a jury verdict for defendant and an order by the trial judge for a new trial. We affirmed the order granting a new trial.[2] Subsequently, a new trial was had in the district court, and again the jury rendered a verdict in favor of the defendant Toetly. Judgment was entered for Toetly based on the verdict. Plaintiffs-appellants Henry and Mary Rosenberg now appeal from a denial by the trial court of their motion for a judgment notwithstanding the verdict or a new trial.

This lengthy litigation arose from an automobile accident which occurred near Plummer, Idaho, on August 28, 1966. The

1. Rosenberg v. Toetly, 93 Idaho 135, 456 P.2d 779 (1969).

2. *Id.*

appellants were riding in an automobile driven by Richard Renner traveling south on U. S. Highway 95, returning to Lewiston from a day at the horse races in Coeur d'Alene. Mrs. Renner was also a passenger in that automobile. Respondent Toetly was driving an automobile traveling north on U. S. Highway 95. The highway south of the location of the collision goes into a broad curve. No speed restrictions below the highway maximum are posted for the curve. North of the collision location, the highway traverses a hill. The collision occurred below the brow of the hill.

The facts as to the events just prior to the collision are strongly contested. Respondent and one Isaac Sijohn testified that the Renner vehicle was attempting to pass the slower moving Sijohn vehicle. There did not appear to be adequate space or time for the pass to be completed before meeting respondent's oncoming vehicle. Sijohn testified that he applied his brakes and steered his vehicle to the right hand side of the road. Respondent testified that he saw that a collision with the Renner vehicle appeared imminent, and that he applied his brakes with force. He testified that such application of brakes caused his automobile to swerve uncontrollably to the left, across the center line of the highway. Sijohn and the respondent testified that when the collision occurred, the Renner vehicle was almost back in its proper lane. Respondent testified that he thought his brakes were good, and had recently had them relined.

Neither of the Rosenbergs recalled Renner passing Sijohn's vehicle in the area of the collision, although Henry Rosenberg recalled they passed a vehicle somewhere north of the collision site. Rosenbergs testified that they first saw respondent's vehicle as it came around the curve south of the collision site. They testified that it appeared to be traveling at a high rate of speed, and that it veered from side to

side, but that respondent appeared to have control of his vehicle until he swerved in front of them. Renner testified that he had passed Sijohn shortly before the collision, but that he was easily back in his lane before the respondent's vehicle suddenly swerved left and into the path of his vehicle.

The focal point of this conflict in the testimony is the location of the attempt by Renner to pass Sijohn's vehicle. Respondent and Sijohn testified the passing took place at the south end of a roadside parking area. Renner testified that the attempted pass took place as soon as the double yellow line (prohibiting passing) ended as he came down the hill toward the collision site. Renner further testified that the yellow line ended 500 to 600 feet from the north end of the roadside parking area, and 1060 feet from the site of the collision itself.

Appellants urge this Court to hold that prejudicial error was committed by the trial court, and that a new trial must be had. Appellants' first assignment of error in support of this contention is that the trial court erred in refusing to grant their motion for a judgment notwithstanding the verdict or a new trial. As this Court stated in the case of Archer v. Shields Lumber Co.,[3]

"[I]t appears a rule of long standing in this jurisdiction that the trial courts possess a discretion to be exercised wisely in granting or refusing [a] new trial, and at least in instances where the motion for a new trial has been *denied* such discretion will not be disturbed by the appellate court unless it clearly appears to have been exercised unwisely and to have been manifestly abused. [Citations omitted]." (Emphasis theirs).

The discretion to grant or refuse to grant a new trial is a legal discretion to determine that the verdict is unsupported by the evidence, or is contrary to the weight

**3.** 91 Idaho 861, 870, 434 P.2d 79, 88 (1967); Blaine v. Byers, 91 Idaho 665, 429 P.2d 397 (1967).

of the evidence.[4] In the instant case, there was a great deal of conflicting evidence to be weighed by the jury on the crucial issues of the location of the pass and the use and condition of the brakes on respondent's automobile. There was no abuse of discretion by the trial court in denying appellants' motion for a new trial.

A motion for judgment notwithstanding the verdict is to be granted only when the evidence, considered most favorably to the opposing party, is insufficient to support the verdict.[5] In view of the conflicting evidence weighed by the jury, this motion was also properly denied.

 The second assignment of error challenges the trial court's denial of a motion, under I.R.C.P. 12(f), to strike the defense based on joint venture. Had that defense been stricken, contributory negligence would not have been in issue, and allegedly prejudicial evidence of Renner's drinking would not have reached the jury. A motion to strike will not be granted where the defense pleaded raises on its face genuine questions of law or fact.[6] Appellants argue that their submission of an affidavit denying joint venture, contrasted with respondent's failure to produce a counter-affidavit, established that joint venture was a sham issue. But there is no provision in I.R.C.P. 12(f) for reliance by the movant upon affidavits in support of the motion. Because motions to strike do not present occasions to test the sufficiency of facts to support a defense, the trial court properly did not consider material outside the pleadings in ruling on the motion.[7] Nor did inclusion of an affidavit transform the motion to

strike into a motion for summary judgment or partial summary judgment under rules 56(a) and 56(e). Rules 12(b) and 12(c) do so transform motions for dismissal for failure to state a claim upon which relief can be granted and for judgment on the pleadings; but the Idaho rules, like the federal rules, make no such provision in 12(f).

 Appellants next assign as error the trial court's allowance of respondent's exhibit A into evidence. Exhibit A is a photograph of an ice chest with beer and whiskey bottles in it. The chest was in the trunk of the Renner vehicle. Appellants argue the photograph was overly prejudicial and irrelevant, and therefore, inadmissable. It is difficult to follow appellants' argument that the photograph was irrelevant. At the time it was introduced, the contributory negligence of Richard Renner was in issue. Certainly, the amount of alcohol he consumed was relevant to that issue. Additionally, the photograph was probative of the accuracy of the observations of Richard Renner and Henry Rosenberg, and was relevant as evidence in impeachment of the testimony of Renner and appellants as to the quantity of liquor that was actually consumed in the hours preceding the collision. But, appellants argue, the photograph was excessively prejudicial to their case in light of the small amount of value the photograph had as probative evidence. Appellants cite St. Lukes Hospital Assn. v. Long,[8] Evansville School Corp. v. Price,[9] Ryan v. United Parcel[10] and Freeman v. Oliver M. Elam, Jr. Co.[11] in support of this assertion. These cases are distinguish-

4. Blaine v. Byers, *supra*, note 3; Warren v. Eshelman, 88 Idaho 496, 401 P.2d 539 (1965).

5. Dreyer v. Zero Refrigeration Lines, Inc., 92 Idaho 83, 437 P.2d 355 (1968) ; Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966).

6. *E. g.*, Krisel v. Duran, 258 F.Supp. 845 (D.C.N.Y.1966), aff'd 386 F.2d 179 (2 Cir. 1967), cert. denied 390 U.S. 1042, 88 S.Ct. 1625, 20 L.Ed.2d 303 (1968).

7. *See, e. g.*, Ciprari v. Serviços Aereos Cruzeiro do sul, S.A. (Cruzeiro), 245 F.Supp. 819 (D.C.N.Y.1965), aff'd 359 F.2d 855 (2 Cir. 1966).

8. 125 Colo. 25, 240 P.2d 917 (1952).

9. 138 Ind.App. 268, 208 N.E.2d 689 (1965).

10. 205 F.2d 362 (2nd Cir. 1953).

11. 372 S.W.2d 796 (Ky., 1963).

**418**

able on their facts. In each instance the photograph involved was more inflammatory and notably less relevant to the issue before the trial court. In the *St. Lukes Hospital* case, for example, the photograph was of the body of a three year old boy, showing incisions around the neck and head made during an autopsy. The photograph was offered to show a bruise on the child's cheek, as further evidence of the cause of death (strangulation when the child's head slipped between rails on a hospital bed. The cause of death had already been firmly established. This case and the others cited are not persuasive of the contention urged by appellants.

■ Appellants contend the trial court erred in admitting in evidence respondent's exhibit F, a report by an expert hired by respondent to examine the brakes on respondent's automobile. The report had been prepared by respondent's counsel in an action by respondent against the garage which had repaired respondent's brakes prior to the accident. The expert who prepared the report was unavailable at the trial of this case. Appellants objected to the report as hearsay, and argue that they could have cast doubt upon the validity of the conclusions in the report, had the author of the report been available for cross examination. Respondent, on the other hand, contends that he was forced to introduce the report into evidence because of insinuations made, upon appellants' cross examination of respondent, regarding the contents of the report. The trial court admitted the report on this reasoning.

Appellants, on cross examination of respondent, engaged in the following exchange relevant to this issue:

"Q Somebody advised you that the left front cylinder was leaking when the brake was applied, and that the brake line was soaked.

"A Uh-hum, yes.

"Q But they didn't advise you of other things that were in the same report, isn't that correct?

"A That's correct.

"Q And the other things are the ones that you said yes—I—as far as I know they were working, there was oil in it.

"A (Nodding)

"Q And I did not inspect it myself. But the brake pedal as far as I know operated normally.

"A Yes.

"Q And nobody advise you about that. Are you sure you don't know anything about it?

"MR. O'CONNELL: About what?

"Q About the fact of what had been discovered *other than* what you reported in this report.

"A The only—there was just a few things that my attorney in Spokane that was handling my case against Mr. Renner advised me, and that was them things that you know. I don't know nothing else about it.

"Q He very carefully didn't advise you of the other things he discovered."

By this exchange, appellants brought the existence of the report to the jury, notified the jury of certain facts of the contents of the report, and left a strong inference that the report contained matters derogatory to the respondent's case. The applicable rule is:

> "[I]f one party is permitted to introduce only part of a writing or document, his opponent may prove the contents of the remainder of the instrument * * *."[12]

■ Appellants assign as error the ruling of the trial court limiting the testimony of witness Richard Dullanty, an attorney who had represented respondent in a suit against the garage which work-

12. 29 Am.Jur.2d Evidence, § 839 (1967). *See* Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465 (1908); Socony Vacuum Oil Co. v. Marvin, 313 Mich. 528, 21 N.W.2d 841 (1946); C. McCormick, Law of Evidence, § 56 (1959).

ed on the car. Respondent only questioned Dullanty as to the origin of the report on respondent's brakes (respondent's exhibit F, discussed *supra*). On cross examination, appellants attempted to question Dullanty as to the extent which Dullanty aided respondent in answering interrogatories propounded by appellants. Objection to this line of questioning, on the grounds it was beyond the scope of direct examination, was sustained. The basic rule as to the proper scope of cross examination is well established in Idaho. I.C. § 9–1205 provides in relevant part, "The opposite party may cross-examine the witness as to any facts stated in his direct examination or connected therewith * *." As this Court noted in Towne v. Northwestern Mutual Life Ins.,[13] facts "connected" with those brought out on direct examination include facts tending to explain, modify or qualify the inference resulting from the facts stated in the direct examination. The trial judge did not abuse his discretion in holding that the appellants' questions here in issue were outside the scope of cross examination.

█ Appellants next assign as error the trial court's action sustaining respondent's objection to certain testimony by Idaho State Police Sgt. Monahan. Appellants, their offer of proof at trial indicates, would have elicited testimony from Sgt. Monahan showing that the parking area, where the pass was said to have occurred, was 875 feet north of the point of the collision at its north end and 675 feet north of the point of collision at the south end. This, appellants argue, was vital to their case, in order to show that there was sufficient distance so that the attempted pass would not have been close. This was made even more essential, appellants further argue, by the testimony of Renner, who mistakenly testified the north end of the parking lot was only 500 to 600 feet from the double yellow line at the top of the hill to the north, making the south end of the parking area only 260 to 360 feet from the site of the collision.[14]

█ The trial court upheld the objection to Sgt. Monahan's testimony as improper rebuttal. The rule as to trial court limitations on the proper scope of rebuttal is that the permissible scope of evidence offered in rebuttal rests in the sound exercise of judicial discretion by the trial judge; absent a clear showing of abuse of such discretion, the trial court's ruling will be sustained.[15] In this instance, the limitation placed upon the scope of rebuttal by appellants was severe. The issue of an unsafe pass had been raised by respondent as the mainstay of his defense. It was up to appellants to rebut testimony by respondent and Sijohn as to the unsafe nature of the pass attempt. This, appellants tried to do initially with Renner's testimony, but he made a mistake in his testimony which indicated there was less distance between crucial points on the road than was a fact. The trial judge however, allowed this testimony as to distance. Appellants next presented Sgt. Monahan, to testify as to the actual distances on the crucial segment of the highway. It seems to us that this was proper rebuttal testimony. However, it is the rule in Idaho that where there is substantial evidence to support the verdict of a jury, the judgment will not be reversed unless the appellant demonstrates reversable error in the defects of the proceedings.[16] Such is not the case in this instance. There were photographs of the highway around the collision scene, admitted into evidence, from which the jury might have

13. 58 Idaho 83, 91, 70 P.2d 364 (1937).

14. Renner had previously testified the end of the double yellow line at the top of the hill he had traversed was approximately 1,050 feet from the point of collision.

15. Cargill v. Hancock, 92 Idaho 460, 466, 444 P.2d 421 (1968) ; Findley v. Woodall, 86 Idaho 439, 443, 387 P.2d 594 (1963).

16. Union Seed Company of Burley v. Savage, 76 Idaho 432, 283 P.2d 918 (1955) ; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651 (1950). *See*, Idaho R. Civ.P. 61.

judged the distance which Renner had to execute a safe pass of Sijohn's vehicle. One of these, in fact, was introduced into evidence by appellants on rebuttal.[17] Renner was allowed to testify on rebuttal that he began his pass at the end of the yellow line at the crest of the hill which the highway traversed to the north. He also testified that this area was over 1,000 feet from the collision site. On the other hand, the exact point of pass was not determinable, it being located only near the south end of the parking lot next to the highway. Thus, exact evidence of the distance of the southern boundary of the parking lot to the collision site could have been compared with inexact evidence of the point of the attempted pass, rendering the error in Renner's testimony less crucial. The amount of evidence already before the jury, and the clear conflict between Renner's version of the pass he attempted and respondent's version of that same pass render the exclusion of Sgt. Monahan's testimony as to the precise distance of the parking lot from the spot of the collision harmless error.

Related to this assignment of error is appellants' contention that the trial court erred in excluding Sgt. Monahan's testimony on rebuttal as to the nature of the skid marks left by respondent's automobile. The trial court excluded this testimony as improper on rebuttal. In appellants' presentation of their case in chief, they made and repeated references to the skid marks left by respondent's automobile. It was incumbent upon appellants at that point to have the witness explain these marks, if explanation was necessary. Appellants fail to show any abuse of discretion by the trial court in excluding this testimony on rebuttal, and therefore such ruling will not be reversed.[18] Appellants' assignment of error as to the limitation by the trial court, upon objection by respondent, of witness Bank's testimony is deemed without merit for the same reasons.

Appellants further assign as error the giving of instruction no. 15, on "sudden emergency" and no. 16, on defective brakes. It is the duty of the trial court to instruct the jury on all issues which are supported by evidence, including any reasonable theory presented by the parties and finding support in the evidence.[19] Respondent herein presented ample supporting evidence of his theory of the case, i. e., his presence on the wrong side of the highway was justified by his reaction in a sudden emergency, and the unknown defect in his brakes which caused his vehicle to swerve. The court's instructions on these issues were appropriate.

Appellants also assign as error the giving of instruction no. 20, setting out I.C. § 49-712 [20] ("limitations on overtaking on the left"), and the comments of the trial judge, in response to appellants' objections to respondent's closing argument, that the contributory negligence of Renner was not an issue, but that the negligence of Renner was an issue in the case. These instructions viewed alone might be confusing, but instruction to the jury must be viewed as a whole, and where as a whole they state the correct law, they will not support a reversal of the verdict below.[21] The trial

---

17. Plaintiffs' exhibit 21.

18. Cargill v. Hancock, *supra*, note 15; Findley v. Woodall, *supra*, note 15.

19. Hodge v. Borden, 91 Idaho 125, 136, 417 P.2d 75 (1966); Domingo v. Phillips, 87 Idaho 55, 390 P.2d 297 (1964).

20. I.C. § 49-712 provides: "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction."

21. Davis v. Bushnell, 93 Idaho 528, 465 P.2d 652 (1970); Hayslip v. George, 92 Idaho 349, 442 P.2d 759 (1968).

court's instructions and comments on the issue of Renner's negligence stated the law correctly. Renner's negligence, if any, did not mitigate any negligence the jury might have found on the part of respondent. But if the accident were found to have resulted solely from the negligence of Renner, respondent could not be found liable. This latter statement is a truism in the law. However, the injection of Renner's actions in the form of this negligence instruction, where contributory negligence has been ruled out as a defense, must tend to confuse a jury. Such an instruction is disfavored by this Court. Nevertheless, in view of the totality of the trial court's instructions, and particularly instructions no. 24 and no. 26,[22] we hold that the instructions and comments of the trial judge were not sufficiently prejudicial to appellants' case to require reversal.

■ Error is also assigned to the trial court's refusal to give appellants requested instructions no. 14, 15 and 18, relating to the law of proximate cause and the duty of a driver to keep his car under control. After a careful comparison of these requested instructions with the instructions given by the trial judge, we conclude that the law in the requested instructions were adequately covered in other instructions given by the trial judge.

■ Finally, appellants contend the trial court erred in overruling their objection to respondent's cost bill for depositions, and thereafter allowing respondent the sum of $231.30 for said costs. This error assigned is twofold: that the costs

were not "necessary disbursements in the action" because the depositions were not offered in evidence by the respondent, and because the amount allowed was greater than the amount arrived at by computations using the statutory rate.[23] No objection was made below to the *amount* of the cost bill. Because of that failure, the depositions in question are not included in the record before us. As a result, we are bound by circumstances as well as by the general rule, that this Court will not review on appeal objections not made at trial.[24]

■ As to appellants' other objection to the cost bill, I.C. § 9–901 does not require that a party offer depositions in evidence before the costs therefor may be taxed in his favor. That section only provides that fees for depositions "shall be taxed as a part of the costs in the action."[25] Nor does I.C. § 12–113 require depositions to be offered in evidence before their costs may be taxed. That section requires only that the cost bill submitted by the prevailing party aver that the items claimed are correct and were necessarily incurred in the action. Respondent's attorney complied with these requirements. The trial court committed no error in denying appellants' objection thereto.

The judgment of the district court is affirmed. Costs to respondent.

McFADDEN, DONALDSON, SHEPARD and SPEAR, JJ., concur.

22. Instruction no. 24 provides: "You are instructed that the negligence of Richard Renner, if any, is not as to plaintiffs an issue in this case. Whether or not Renner was negligent is not to be considered in any way by you and you are to disregard all the evidence that was introduced which might have any bearing on that issue, except in determining whether his negligence, if any, was the sole and only cause of the collision."
 Instruction no. 26 provides: "If under the foregoing instructions you find that the defendant was negligent in the operation of his said automobile and that such negligence was the proximate cause or was a contributing proximate cause in whole or in part, to the collision which both parties admit to have occurred on Highway 95 about 1 mile north of Plummer, Idaho, on August 28, 1966, and you further find that the plaintiffs suffered injury and damage, then your verdict should be for the plaintiffs. Otherwise, your verdict should be for the defendant."

23. *See* I.C. § 9–901.

24. Koch v. Elkins, 71 Idaho 50, 225 P. 2d 457 (1950); Hall v. Boise Payette Lumber Co., 63 Idaho 686, 125 P.2d 311 (1942).

25. I.C. § 9–901.