489 P.2d 1404

**Jerrie EVANS, Plaintiff-Appellant,**

v.

**Albert SMALL and Consolidated Freight-
ways, Inc., Defendants-Respondents.**

**No. 10895.**

Supreme Court of Idaho.

Oct. 28, 1971.

Denman, Reeves & Oksendahl, Idaho
Falls, for plaintiff-appellant.

Holden, Holden, Kidwell, Hahn & Crapo,
Idaho Falls, for defendants-respondents.

DONALDSON, Justice.

In 1968, Albert Small (defendant-respon-
dent), who was driving a tractor-trailer
owned by Consolidated Freightways, Inc.
(defendant-respondent), struck the rear of
a car being driven by Jerrie Evans (plain-
tiff-appellant) on a public highway near
Pocatello. Plaintiff brought an action in
district court to recover damages for the
injuries and property damage she suffered
as a result of the accident. A jury ren-
dered a verdict of $28,000 in favor of
plaintiff. Defendants then moved for and
were granted a new trial. Plaintiff ap·
peals.

The trial court granted the motion for a new trial for the reasons that an instruction [1] given by the court was erroneous and an instruction [2] relating to proof of contributory negligence should have been given.

Appellant contends that failure of the respondents to object to the instruction given and to request the instruction omitted precludes respondents from assigning these instructions as error and grounds for a new trial. This contention is without merit. The failure to object to any instruction given does not preclude any party from assigning as error any erroneous instruction given, not requested by such party, or any omission by the court to give proper instruction. I.R.C.P. 51.

We agree with the district court's ruling that Instruction No. 24, as phrased, should not have been given. It stated that general damages are those which the law presumes to flow from an "unlawful act." The use of the word "unlawful" was incorrect. The commission of an unlawful act does not *per se* subject the actor to tort liability. A violation of a statute may be excused or justified under certain circumstances. Petersen v. Parry, 92 Idaho 647, 448 P.2d 653 (1968); Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963).

The next two assignments of error concern the use by the trial court of the following instruction (taken from BAJI (4th ed.), No. 133):

"In determining whether [negligence] [or] [proximate cause] [or] [contributory negligence] [or] [any claim or allegation in this case] has been proved by a preponderance of evidence, you should consider all the evidence bearing either

way upon the question, regardless of who produced it. A party is entitled to the same benefit from evidence that favors his cause or defense when produced by his adversary as when produced by himself."

The court gave this instruction (as its No. 14) with respect to negligence but not with respect to contributory negligence; in granting the motion for new trial, the court ruled that this was error. Appellant argues that since contributory negligence was defined elsewhere (Instruction No. 11) as "negligence on the part of the plaintiff," Instruction No. 14 applied with respect to negligence on the part of either defendant or plaintiff, thereby eliminating the need to give the same instruction with respect to contributory negligence specifically. Although the appellant's argument is plausible, we agree with the district court that since the instruction was given specifically with reference to negligence, the proper procedure would have been to also give it specifically with respect to contributory negligence. Furthermore, we note that in the Fifth Edition of California Jury Instructions (Civil), the instruction in regard to evidence produced by an adversary was changed from that used by the court here to the following:

"In determining whether *an issue* has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that issue regardless of who produced it." (emphasis added) BAJI (5th ed.) No. 2.60.

We suggest that this general form of the instruction be used in order to reduce the potentiality for confusion and for the type of error that occurred here.

Appellant's final contention is that the trial court erred in concluding that its

1. The alleged error is in the first sentence of Instruction 24:
"The jury are instructed that general damages are those which the law presumes to flow from *an unlawful act*." (emphasis added)

2. "In determining whether contributory negligence has been proved by a preponder-

ance of evidence, you should consider all the evidence bearing either way upon the question, regardless of who produced it. A party is entitled to the same benefit from evidence that favors his cause or defense when produced by his adversary as when produced by himself." BAJI (4th ed.) No. 133.

**450**

failure to give additional or different instructions was of such weight as to require a new trial.

This Court is firmly committed to the view that the trial judge possesses wide discretion to grant or deny a new trial, and such an order will not be reversed absent a manifest abuse of that discretion. Banz v. Jordan Motor Co., 94 Idaho 369, 487 P.2d 1123 (1971); Ricard v. Gollen, 91 Idaho 335, 421 P.2d 130 (1966); Walker v. Distler, 78 Idaho 38, 296 P.2d 452 (1956); Say v. Hodgin, 20 Idaho 64, 116 P. 410 (1911).

The basic reason for this rule was delineated in Say v. Hodgin, *supra*:

"The trial judge sees the witnesses on the witness stand, observes the manner of their testifying, notes their apparent candor or fairness, or the want of it, hears the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry as to whether justice has miscarried or not, and which cannot be made to appear in the record of the case which comes to the appellate court; and, appreciating such fact, appellate courts have so frequently held that it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. Such has been the holding of this court in many cases." *Id.* at 68, 116 P. at 411–412.

Furthermore, where an order *granting* a new trial is appealed, the record will be liberally construed in support of the order. Clark v. Foster, 87 Idaho 134, 391 P.2d 853 (1964); Coast Transport v. Stone, 79 Idaho 257, 313 P.2d 1073 (1957); Walker v. Distler, *supra*; MacDonald v. Ogan, 61 Idaho 553, 104 P.2d 1106 (1940). The reason for this rule was explained in the *MacDonald* case:

"It should be remembered that, in passing upon a motion for a new trial, the appellate court applies a different rule to the consideration of an order *granting a new trial* from what it applies to the *denial of a new trial*. This difference is predicated on the grounds that, where a new trial is granted, both parties are put back in the status in which they found themselves on the original trial; and each party has his chance to present the case anew to the court and jury. Whereas, an order denying a motion for a new trial terminates the case and denies the losing party any chance of resubmitting his case or having it again heard by the court and jury." *Id.* at 556, 104 P.2d at 1107. (All italicized in original)

Applying these principles to the case at bar, we conclude that the trial judge, in granting a new trial on the grounds that an erroneous instruction was given and that a proper one was omitted, did not abuse the legal discretion vested in him. The order appealed from is affirmed.

Costs to respondent.

McQUADE, C. J., McFADDEN and SHEPARD, JJ., and MAYNARD, District Judge, concur.