520 P.2d 258

**CARNATION COMPANY, a corporation, Plaintiff-Appellant,**

v.

**GARRETT FREIGHTLINES, a corporation, Defendant-Respondent.**

**No. 11009.**

Supreme Court of Idaho.

March 22, 1974.

**804**

Max Eiden, of Clemons, Cosho, Humphrey & Samuelsen, Boise, for plaintiff-appellant.

Karl Jeppesen, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-appellee.

SHEPARD, Chief Justice.

This is a negligence action for property damage resulting from a collision between two motor vehicles during a period of low visibility brought about by a dust storm. The case was tried to a jury which returned a verdict for the defendant, and plaintiff appeals. We affirm.

Plaintiff-appellant Carnation brought the action to recover for property damage which resulted when its 1970 Chevrolet station wagon was struck in the rear by a truck owned by defendant-respondent Garrett Freightlines. At the time of the accident, the Carnation vehicle, followed closely by the Garrett truck, was traveling on Interstate Highway 80 in the vicinity of Caldwell. The Interstate Highway, at that point, is divided into west-bound and east-bound portions, each of which contains two lanes. Dust from freshly plowed fields, combined with a strong wind, reduced visibility almost completely. The dust storm was so thick and sudden in nature that several vehicle accidents took place within a short distance and within a few seconds. Witnesses testified that as they stopped their vehicles, although they could see little, they could hear automobile crashes all about them.

Douglas MacLeod, a Carnation Company employee, was driving Carnation's vehicle. He testified that he passed the Garrett truck, then slowed down and entered the dust storm. It quickly became apparent that it was too thick for him to see. He reduced his speed to 10 miles per hour and upon seeing a glow, which he assumed to be a tail light, he stopped his vehicle. Seconds later the Garrett truck struck the rear of the Carnation station wagon and according to MacLeod the impact caused the Carnation vehicle to strike the automobile stopped just ahead of it.

Elmer Bates, the Garrett truck driver, testified that he entered the storm at 20 to 25 miles per hour and immediately regretted doing so because he "couldn't even see the end of the radiator from time to time." He proceeded approximately 200 feet into the dust storm and then felt the impact of hitting the Carnation vehicle.

The case was tried to the jury on the theory of negligence by Bates, the Garrett truck driver; the theory of contributory negligence by MacLeod, the Carnation driver; and the theory of sudden emergency. The jury returned a verdict in favor of the defendant Garrett upon which judgment was entered. From that judgment plaintiff Carnation has appealed.

Appellant Carnation raises only the following contentions on appeal:

1. The evidence was insufficient to sustain the verdict;

2. The jury was erroneously instructed on contributory negligence since the evidence indicates a lack of any negligence on the part of MacLeod, the Carnation driver.

3. The jury was erroneously instructed on the theory of sudden emergency.

■ Carnation argues that it was error to give the instruction on sudden emergency because the emergency faced by the truck driver was not sudden and in any event the truck driver's own negligence was responsible for the emergency arising. Carnation argues in essence that the Garrett truck driver should not have entered the dust storm since it was clearly visible as he drove down the highway. Thus appellant reasons that the Garrett truck driver was responsible for the creation of the emergency, citing Dewey v. Keller, 86 Ida-

ho 506, 388 P.2d 988 (1964); Hackworth v. Davis, 87 Idaho 98, 390 P.2d 422 (1964); and Barry v. Arrow Transportation Company, 80 Idaho 447, 333 P.2d 1008 (1958). We deem the cases cited by appellant to be inapplicable to the case at bar. All persons who testified indicated their belief that they would have been able to drive through the dust storm without difficulty. It was only after each of them had driven into the storm that they realized their peril. As stated by the driver of Carnation's vehicle, "at that time, and I felt I could go ahead and proceed through the dust. Well, as we approached it further, we could see that, all of a sudden it closed right in on us, and I had to come to a complete stop at that time." As another witness stated, "I came over a little dip and all of a sudden it just seemed like somebody dropped a blanket in front of you, you couldn't see the front end of your car."

Appellant does not complain that the instruction on sudden emergency is an erroneous statement of the law but rather that such instruction is not applicable to the facts of this case. We disagree. It is difficult to follow the argument of appellant that the respondent's driver should have recognized the inherent danger and not driven into the dust storm when appellant's own driver had the opportunity to make the same evaluation but then drove into the dust storm. It is clear that the facts of this case, and the theory of the defendant-respondent required an instruction to the jury on sudden emergency and no error was committed therein by the trial court.

We turn now to the contention of the plaintiff-appellant that the trial court was in error in instructing the jury on contributory negligence. Again the plaintiff-appellant does not complain that the instruction was an incorrect statement of the law but rather that the facts of the case indicate clearly that the plaintiff-appellant's driver was free from negligence and therefore no instruction to the jury on contributory negligence should have been given by the trial court. Without an affirmative showing that the instruction on contributory negligence was unwarranted, we must presume that the district court acted correctly in giving the instruction. "Error will not be presumed on appeal, but must be shown affirmatively by the appellant." Morrison v. Quality Produce, Inc., 92 Idaho 448, 451, 444 P.2d 409, 412 (1968); Weaver v. Sibbett, 87 Idaho 387, 392–393, 393 P.2d 601 (1964); Clear v. Marvin, 86 Idaho 87, 92, 383 P.2d 346 (1963). Where minds of reasonable men might differ, the question of the presence or absence of negligence or contributory negligence is for the jury. Crane v. Banner, 93 Idaho 69, 73, 455 P.2d 313 (1969); Kelley v. Bruch, 91 Idaho 50, 54, 415 P.2d 693 (1966); Otts v. Brough, 90 Idaho 124, 135, 409 P.2d 95 (1965); Weaver v. Sibbett, *supra*, 87 Idaho at 394, 393 P.2d 601; Foster v. Thomas, 85 Idaho 565, 573, 382 P.2d 792 (1963). Examining the record in this case we find that defendant-respondent Garrett attempted to prove that Carnation's employee had driven into the dust storm and had struck the rear of a stopped vehicle and thereafter was struck in turn in the rear by respondent's truck. It is not necessary to review the evidence pro and con in this regard but it is sufficient to say that such was hotly controverted by Carnation and the resolution of such issue was for the jury. The jury could, under the evidence, have concluded that the appellant's station wagon did in fact strike the rear of a stopped vehicle. Garrett further contended that Carnation's driver was negligent in any event in stopping and leaving his car stopped on the traveled portion of the highway when he knew as demonstrated by his own testimony that the visibility was almost zero and the probability was that he would be struck in the rear by persons using the traveled portion of the highway. The question of whether the plaintiff-appellant's driver had the time and the opportunity to drive his vehicle off the traveled portion of the highway was for resolution by the jury.

Defendant-respondent Garrett further contended that there was no negli-

gence on the part of its truck driver since when he found himself in the position of peril by reason of the sudden emergency he was forced to decide whether to immediately stop his vehicle or to proceed onward hoping that the dust storm would lift. Defendant-respondent's truck driver stated that although he feared to travel further in the dust storm he also feared stopping since he would thereby present a danger to following vehicles. The record reveals that such is exactly what happened for when the truck did stop as a result of having collided with Carnation's vehicle, the truck was almost immediately thereafter struck in the rear by another following vehicle in which collision the driver of the following vehicle was killed. The resolution of respondent's truck driver's negligence was also for the jury and the jury could have concluded that the truck driver was not negligent.

As this court has said continuously, particularly in cases arising from motor vehicle collisions:

> "On appeal from a jury verdict, we must view the evidence in the light most favorable to the respondent and least favorable to the appellant." Bell v. Joint School Dist. No. 241, 94 Idaho 837, 839, 499 P.2d 323, 325 (1972).

> "[W]here a jury's verdict is supported by substantial and competent though conflicting evidence, a judgment based thereon cannot be set aside on appeal (citation). And on appeal, evidence must be viewed most favorably toward respondent and against appellant. (citations)" Cahill v. Logue, 93 Idaho 533, 537, 466 P.2d 573, 577 (1970).

No error was committed by the trial court in submitting the question of the contributory negligence of plaintiff-appellant's driver to the jury, and instructing the jury thereon. We find sufficient evidence, albeit controverted, to support the verdict of the jury and the judgment entered thereon.

Judgment of the district court is hereby affirmed. Costs to respondent.

DONALDSON, McQUADE, and McFADDEN, JJ., concur.

BAKES, Justice (dissenting):

I do not believe that there was any evidence which would justify the giving of an instruction to the jury on the contributory negligence of the plaintiff. As the majority opinion clearly points out, "the evidence in this case is clear that all persons who testified indicated their belief that they would have been able to drive through the dust storm without difficulty. It was only after each of them had driven into the storm that they realized their peril." Therefore, there was no negligence of the plaintiff by driving into the storm. The defendant Garrett attempted to raise an issue of negligence on the part of the plaintiff by attempting to prove circumstantially that the plaintiff's vehicle had run into the vehicle immediately ahead of it and that thereafter the defendant's truck ran into the rear of the plaintiff's vehicle. Assuming that the plaintiff did run into the vehicle in front of it, which on this record is pure conjecture (the only witness to that point was the plaintiff who said he did not run into the vehicle in front of him but was pushed into it by the defendant's truck when it hit him), the only way that that action on the part of the plaintiff could have been negligence would be if the plaintiff's vehicle was following too closely without observing the vehicles lawfully ahead on the highway, in violation of I.C. § 49–717. Again, assuming that the plaintiff did run into the rear of the car ahead of him before defendant's truck struck the rear of plaintiff's car, any such negligence on the part of plaintiff would only have been the proximate cause of damage to the vehicle in front of him, and would in no event have been the proximate cause of the collision by defendant's truck; and therefore as a matter of law any such negligence could not have constituted a defense of contributory negligence to the defendant who ran into the rear of plaintiff's car. The situation is analogous to a motor ve-

hicle which is being operated at night with defective tail lights and which has a head on collision with another vehicle. While the defective tail lights would be a violation of the statute, and thus negligence *per se,* Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963), the negligence in no way could contribute to the accident and therefore would not be a proximate cause of the accident and would not be the basis of a contributory negligence defense.

Finally, the majority states that "the question of whether the plaintiff had the time and the opportunity to drive his vehicle off the traveled portion of the highway was for resolution by the jury." This Court has on numerous occasions stated that only those factual issues which are raised by the evidence may be submitted to the jury. In the present case there was absolutely no evidence that the plaintiff had any time or opportunity to drive his vehicle off the traveled portion of the highway. The evidence is entirely to the contrary. It consists of the plaintiff's testimony that he saw the glow of the lights of the car before him and by slamming on his brakes was able to stop immediately before hitting it. He further testified that before he had a chance to take any action to pull his car off the road, the defendant's truck struck the rear of his car pushing him into the car ahead of him. There is no evidence in the record otherwise. In fact, the only other testimony is from the defendant truck driver who stated he did not see the plaintiff's vehicle until he had struck it. I fail to see how on this evidence it can be fairly stated that "the question of whether the plaintiff had the time and opportunity to drive his vehicle off the traveled portion of the highway was for the resolution by the jury."