524 P.2d 541

**Sherman F. NEWMAN, Jr., By and Through his Guardian ad litem, Sherman F. Newman, Sr., et al., Plaintiffs-Appellant,**

v.

**Arnold W. COLEMAN et al., Defendants-Respondents.**

**Anna Marie NEWMAN, now Anna Marie Kirkpatrick, et al., Plaintiffs-Appellant,**

v.

**Arnold W. COLEMAN et al., Defendants-Respondents.**

**No. 11077.**

Supreme Court of Idaho.

July 3, 1974.

Rehearing Denied July 25, 1974.

Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for appellants.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondents.

McQUADE, Justice.

This action for damages for personal injuries arises out of a two car collision that occurred on State Highway 16, six miles south of Emmett, Idaho. The accident occurred when a 1959 Simca automobile driven by the defendant-respondent, Carla M. Coleman, the daughter of Arnold W. and Mary J. Coleman, suddenly crossed the center line and hit a pickup proceeding in the opposite direction on a straight section of the highway on a clear day. Sherman E. Newman, Jr. and Anna Marie Newman, the two children of Sherman E. Newman, Sr. and Anna Marie Newman, were passengers in the Simca automobile. Two weeks before the accident the defendants-respondents, Arnold W. and Mary J. Coleman, purchased the Simca, and it had been driven several times before the accident with no apparent mechanical defects.

Sherman E. Newman, Jr. and his parents, Sherman E. Newman, Sr. and Anna Marie Newman, filed an action to recover for the personal injuries of Sherman E. Newman, Jr. and to recover for his parents' loss of his companionship. Anna Marie Newman and her parents also filed an action to recover for her personal injuries and for her parents' loss of her companionship. The two actions were consolidated for trial. A jury trial was held and a verdict was returned in favor of the respondents. The appellants moved for a judgment notwithstanding the verdict and alternatively for a new trial. The trial court denied the motions and the appellants filed this appeal from the judgment based on the jury's verdict and the judgment denying their motions.

While this action was pending, the case of Thompson v. Hagan [1] was decided which held that the automobile guest statute [2] was unconstitutional. The majority opinion in that case stated that the ruling was applicable to all pending actions which would include this action making it error to submit the guest statute defense to the jury.

The jury returned a special verdict which separately held that the respondent, Carla Coleman, was not negligent, nor grossly negligent, and that Sherman, Jr. and Anna Marie Newman were guests. It is argued that since the jury found no negligence on the part of Carla Coleman, the question

---

1. 96 Idaho 19, 523 P.2d 1365 (filed June 26, 1974).

2. I.C. § 49–1401.

of the applicability of the guest statute is irrelevant. The trial court gave thirty-two instructions to the jury of which ten involved the guest statute or gross negligence. The question of whether the guest statute barred recovery by Sherman, Jr. and Anna Marie Newman was a major issue in the trial. The instructions dealing with the guest statute and gross negligence were incorrect statements of the law in view of Thompson v. Hagan decided since this action was tried in the district court. This action is reversed and remanded for a new trial.

Costs to appellants.

DONALDSON, McFADDEN, and BAKES, JJ., concur.

SHEPARD, Chief Justice (specially concurring).

I agree with the ultimate disposition of this matter by the majority but continue to adhere to my views expressed in Thompson v. Hagan. I also recognize, however, that the majority opinion in Thompson v. Hagan now is the law of the State of Idaho. Therefore the holding herein regarding the automobile guest statute in this case is obviously correct.