524 P.2d 536

**Leonard MESSMER and Joseph Hartke, Plaintiffs-Respondents and Cross-Appellants,**

v.

**Keith M. KER, Defendant-Appellant and Cross-Respondent.**

No. 11369.

Supreme Court of Idaho.

July 16, 1974.

Fork of the Salmon River at about 7:40 a. m. Injured in the crash were passengers Leonard Messmer and Joseph Hartke, plaintiffs-respondents and cross-appellants. On June 8, 1970, Messmer and Hartke filed this action to recover for personal injuries sustained in the crash against the appellant Ker and Max Ker and Son Lumber Company. Upon motion for summary judgment, the district court dismissed the action as to Max Ker and Son Lumber Company. Messmer and Hartke then filed an amended complaint alleging that they were passengers for hire and not guests of Ker and that he operated the aircraft in a grossly careless and negligent manner which resulted in their receiving injuries. Messmer and Hartke further alleged that the accident was also caused by the consumption of intoxicating beverages by Ker within twelve (12) hours of the flight time and in such a manner as to have contributed to or to have caused the accident. In answer, Ker denied liability and set forth certain affirmative defenses. After a five day trial before a jury in December, 1972, the jury found against Messmer and Hartke. Judgment was entered accordingly.

Messmer and Hartke timely moved for judgment notwithstanding the verdict, or in the alternative for a new trial, presenting numerous grounds for the new trial. The trial court denied Messmer and Hartke's motion for judgment notwithstanding the verdict, but did grant a new trial based solely upon error in giving Instruction 20 which defined negligence. It is from this order that Ker has appealed. Messmer and Hartke have cross appealed from the trial court denying their motion for judgment notwithstanding the verdict, and a new trial on the other grounds set forth in Messmer and Hartke's motion.

We turn first to the negligence instruction and the new trial granted thereon. This Court will review such grants when the trial court expressly states the grounds relied upon; however, we will not disturb the wide discretion of the trial court to grant a new trial, absent a clear

St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, James L. Martsch, Furchner, Martsch & Baker, Blackfoot, for defendant-appellant and cross-respondent.

Terry L. Crapo, Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for plaintiffs-appellees and cross-appellants.

DONALDSON, Justice.

On August 2, 1968, a Mooney M-20F airplane piloted by Keith M. Ker, defendant-appellant and cross respondent, and owned by Max Ker and Son Lumber Company, crashed at the Bernard Airstrip in the Idaho primitive area near the Middle

showing of manifest abuse or unwise exercise thereof. Dawson v. Olson, 95 Idaho 295, 507 P.2d 804 (1973). The instruction given to the jury is as follows:

"You are instructed that when I use the word 'negligence' in these instructions, I mean the failure to do something which a reasonably careful and prudent person would do under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful and prudent person would act under those circumstances. That is for you to decide."

In granting the new trial, the trial court stated that the instruction as given did not include acts of commission as an element of negligence and the giving of such instruction was an error in law materially affecting the rights of the respondents.

■ Negligence under these facts would be best framed in the context of both omission and commission. *See* Restatement (Second) of Torts § 284 (1965); IDJI 210.[1] However, Ker argues that such presentation is not necessary in that all of his alleged acts of negligence can be termed as omissions as well as commissions. While this may be true to an extent, such approach fails to set forth the necessary emphasis as required by the facts of this case. This is illustrated by one of the alleged negligent acts. As the airplane made a tight turn over the airstrip, it went into a stall. Rather than following the correct procedure of pushing the nose of the airplane downward, defendant Ker actually pulled the nose of the airplane up. This manuever accentuated the stall. As Ker urges, the manuever can be described as failing to take the proper recovery measures. However, that description could in-

clude both doing nothing and doing something drastically wrong. Under Ker's approach both situations would carry equal weight into the jury's deliberations, while the two necessarily demand different emphasis. Since juries depend solely upon the court for instructions as to law, these instructions must clearly and correctly present the legal theories upon which the parties have properly based their arguments. In this case the primary definition of negligence was defective. Subsequent references to negligence contained in instructions on other topics did not compensate for the initial error in definition. Even though the jurors received an admonition to consider the instructions as a whole, the trial court was within its discretion in ruling that the instruction error was substantial and prejudicial to the degree that required a new trial. Evans v. Small, 94 Idaho 448, 489 P.2d 1404 (1971); Banz v. Jordan Motor Co., 94 Idaho 369, 487 P.2d 1123 (1971).

■ Because of our holding affirming the order granting the new trial, we must also consider and decide further questions of law which may arise on the retrial of the case in the district court. I.C. § 1–205; Sulik v. Central Valley Farms, Inc., 95 Idaho 826, 521 P.2d 144 (1974); State v. Ash, 94 Idaho 542, 493 P.2d 701 (1971).

■ Messmer and Hartke challenge the constitutionality of Idaho Code § 21–212, commonly known as the airplane guest statute, alleging that the statute results in a denial of equal protection of the law. Constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. I.C. § 1–205. *See also* I.R.C.P. 54(c). Moreover, since the issue

---

1. IDJI 210:

"Negligence—Definition

"When I use the word 'negligence' in the instructions, I mean the failure to use ordinary care in the management of one's property or person. The words 'ordinary care' mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. Negligence may

thus consist of the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide."

is a question of law and all parties discussed the issue in briefs presented to this Court, a resolution of the issue will not be prejudicial.

■ The airplane guest statute is nearly identical in both form and substance to the automobile guest statute, I.C. § 49–1401. This Court recently found the automobile guest statute to be unconstitutional as violating the equal protection guarantees of both the Constitution of the United States and the Constitution of the State of Idaho. Thompson v. Hagan, 96 Idaho 19, 523 P. 2d 1365 (1974). An analysis of the rejected justifications for the guest statute as set forth in *Thompson, supra,* indicates an even stronger case for declaring the airplane guest statute unconstitutional. A guest in an airplane is less able to terminate an airplane ride he finds objectionable. Moreover, the argument centering around ungrateful hitchhikers is far less applicable due simply to the decreased likelihood of aeronautical hitchhikers. Finally, as noted in *Thompson,* the primary benefits of the statute are enjoyed by insurance companies, not the insured party. Finding no justification for the statute, we therefore hold the airplane guest statute, I.C. § 21–212, to be unconstitutional. Lightenburger v. Gordon, 510 P.2d 865 (Nev. 1973). The instructions based on the guest statute should not have been given. Newman v. Coleman, 95 Idaho ——, 524 P.2d 541 (1974).

■ Also at issue is Instruction 30–A, the "sudden emergency" instruction. Although the instruction is at times useful in cases involving complex and nearly instantaneous occurrences, usually the instruction is counterproductive. When considering jury instructions it must be remembered that often a jury is deluged with numerous instructions, many of which attempt to explain complex questions of law. We must balance the possible confusion created by layer upon layer of instruction[2] and the necessity of providing the appropriate legal theories. (See above.) In all but the most intricate negligence cases, the general definition of negligence sufficiently outlines the required standard of care. As noted in the negligence instruction previously discussed, the jury is to judge the conduct of a reasonable man *under circumstances similar to those shown by the evidence.* The facts of this case do not support a separate instruction on "sudden emergency" and the instruction should not be given on retrial. I.R.C.P. 51(b); IDJI 215; Illinois Pattern Instructions 12.02. *See* Fawcett v. Irby, *supra;* Carnation Company v. Garrett Freightlines, 95 Idaho 803, 520 P.2d 258 (1974); Reese v. Buhle, 16 Ill.App.2d 13, 147 N.E.2d 431 (1957).

■ A final issue involving the instructions must be resolved. Instruction 15 set forth the various allegations made in the parties' pleadings. Among these allegations were Ker's affirmative defenses of assumption of the risk, and unavoidable accident. These defenses were only mentioned by name and specific instructions were not given defining them. Instruction 17 told the jurors that Instruction 15 did not constitute facts or evidence, but rather merely a recitation of what the parties expected to prove at the time the pleadings were filed. Ker argues that error occurred in the failure to define such defenses in that he was entitled to them. Messmer and Hartke by cross appeal argue that error resulted from mentioning the defenses without definition; hence, leaving the jury confused as to the meaning of effect of the defenses. The confusion is compounded by the court's mention of "separate defenses" in Instructions 26 and 27. These instructions were to the point that Ker should be absolved of any liability should he prove the defenses. While the giving of Instruction 15 did not constitute reversible error in this instance, we believe the better practice to be that suggested by IDJI 150. That instruction recommends that instructions given at the end of a trial

---

2. *See* Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968), for Justice Spear's discussion of instructions and jury confusion in his special concurrence.

reciting the allegations found in the parties' pleadings should omit any mention of those allegations not supported by evidence introduced at the trial itself. The trial court must issue only those instructions warranted by the evidence before the court. I.R.C.P. 51; Rosenberg v. Toetly, 94 Idaho 413, 489 P.2d 446 (1971).

Moreover, the failure to define "assumption of the risk" was not error. That doctrine is available only in cases of a master-servant relationship outside of the scope of the Workman's Compensation Act and in instances of express contract with one party agreeing to assume the risk. Fawcett v. Irby, *supra*. There is nothing in the record indicating the existence of an express contract. Assuming *arguendo* that respondents were paying passengers, they only contracted a flight into the Primitive Area. They did not expressly contract to assume the risk of that flight. "Express" means "manifested by direct and appropriate language." Black's Law Dictionary 691 (Rev. 4th ed. 1968). In the absence of any direct and appropriate language indicating an agreement to assume the dangers of the flight, the trial court correctly refused to give an instruction defining the defense. Rosenberg v. Toetly, *supra*. Finally, the failure to define "unavoidable accident," was not error because this jurisdiction does not recognize such doctrine as a separate defense. Stobie v. Potlatch Forests, Inc., 95 Idaho 666, 518 P.2d 1 (1974); Schaub v. Linehan, 92 Idaho 332, 442 P.2d 742 (1968); IDJI 233.

Messmer and Hartke also argue that the trial court erred in not granting a judgment notwithstanding the verdict. That motion will not be granted when the record discloses substantial competent evidence to support the jury verdict. Mann v. Safeway Stores, Inc., 95 Idaho 732, 518 P.2d 1194 (1974). Such is the situation in the case at hand in that the record contains evidence supporting the contentions of both parties to the action. The motion for judgment notwithstanding the verdict was properly denied.

The order of the trial court granting a new trial is affirmed and the cause is remanded for further proceedings consistent herewith. Costs to respondents.

McQUADE, McFADDEN and BAKES, JJ., concur.

SHEPARD, Chief Justice (specially concurring).

I concur in the result reached by the majority but continue to adhere to my views regarding the guest statute as expressed in Thompson v. Hagan. I agree that the opinion in Thompson v. Hagan now represents the law of the State of Idaho and the conclusion of the majority herein extending the rationale of Thompson v. Hagan into the area of air travel is logical and reasonable.