581 P.2d 809

Maurene GROOMS, Plaintiff-Respondent,

v.

Doris Ann AMOS and Eldon D. Amos and Melva D. Amos, husband and wife, Defendants-Appellants.

No. 12189.

Supreme Court of Idaho.

July 18, 1978.

Jeremiah A. Quane of Quane, Smith, Howard & Hull, Boise, for defendants-appellants.

Frank W. Stoppello, Coughlan, Imhoff & Lynch, Boise, for plaintiff-respondent.

PER CURIAM.

In 1973, defendant-appellant Doris Ann Amos attempted to make a left-hand turn from the right lane of a one-way street and, in the process, hit the rear end of plaintiff-respondent Maurene Grooms' car. Grooms brought an action in district court to recover damages for injuries she suffered allegedly as a result of the accident. At the close of the trial, the court granted a directed verdict for Grooms on the liability issue. The case was then submitted to the jury which returned a verdict for defendant Amos. Grooms moved for a new trial, which the court granted on the grounds that it had erred in failing to advise the jury of the directed verdict on the liability issue and that it had erred in not giving the jury a curative instruction on defense counsel's interjection of insurance into the case. Amos has appealed from the order granting a new trial.

■ Citing I.R.C.P. 51(a)(1), Amos argues first that Grooms' failure to object to not giving an instruction on the directed verdict precluded her from raising that issue on her motion for new trial. At the time of the trial, I.R.C.P. 51(a)(1) read in pertinent part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The record reveals that counsel for the parties and the court had an extended discussion about whether the court should instruct the jury that a directed verdict had been granted on the liability issue. Counsel for plaintiff stated, not once, but three times, his re-

quest that the jury be expressly told that their deliberations were limited to the amount of damages, if any.[1] These repeated requests constituted a sufficient compliance with the requirement of rule.

■ Amos argues further that the trial court abused its discretion in granting a new trial because the jury instructions when read as a whole made it clear that there was no issue as to the appellant's liability. While we can agree with Amos that the instructions avoid all direct mention of the issue of liability, we can not accept her contention that the jury was thereby advised not to be concerned with liability. The damages instruction given to the jury began, "*If you decide* for the plaintiff you must, etc." The form of the verdict, in the event of a decision for plaintiff, read: "We, the jury in the above-entitled action *find* for the plaintiff and award damages in the amount of $_____." The trial court apparently felt that these instructions may have created in the minds of the jurors an impression that the liability issue, upon which they had heard much evidence, was theirs to decide. We entertain the same view.

It is a firm and oft-quoted rule in Idaho that the trial judge possesses wide discretion to grant or deny a new trial, and such an order will not be reversed absent a manifest abuse of that discretion. *E. g., Seppi v. Betty,* Idaho, 579 P.2d 683 (1978); *Smith v. Great Basin Grain Co.,* 98 Idaho 266, 561 P.2d 1299 (1977); *Klundt v. Carothers,* 96 Idaho 782, 537 P.2d 62 (1975); *Lombard v. Cory,* 95 Idaho 868, 522 P.2d 581 (1974). Application of this rule to another instance involving an omission from the jury instructions is illustrated by *Messmer v. Ker,* 96 Idaho 75, 524 P.2d 536 (1974). In *Messmer* this Court upheld a grant of a new trial on

---

1. For example, counsel in persisting with his objection after the court's initial explanation of its ruling said: "Your Honor, please, I feel that the jurors are prone to misunderstand and become confused; and as I understand the state of the record, we have moved for a directed verdict on the issue of liability. The Court, as I understand it, has granted this motion and that the Defendants have admitted this proposition.

"Now, I believe that a fair presentation of this should be made to the jury so that they don't get in there and start to argue about whose fault this accident was. And I can fully believe that they can do that and that they should be expressly directed to limit their deliberations to the amount of damages, if any."

the ground that an instruction given on negligence failed to include acts of commission as an element of negligence, saying:

Since juries depend solely upon the court for instructions as to law, these instructions must clearly and correctly present the legal theories upon which the parties have properly based their arguments. In this case the primary definition of negligence was defective. Subsequent references to negligence contained in instructions on other topics did not compensate for the initial error in definition. Even though the jurors received an admonition to consider the instructions as a whole, the trial court was within its discretion in ruling that the instruction error was substantial and prejudicial to the degree that required a new trial.

*Id.* at 78, 524 P.2d at 539. *See also Evans v. Small,* 94 Idaho 448, 489 P.2d 1404 (1971).

As to the advisability of keeping the jury in the dark, see *Seppi v. Betty, supra.*

Holding that the failure to apprise the jury that the liability issue had been resolved by the court was a sufficient grounds for awarding a new trial, we need not consider the other argument on the insurance problem, seeing no reason to anticipate that it will arise again on the subsequent trial.

We affirm the order granting the new trial and award costs of appeal to respondent.

McFADDEN, J., sat, but did not participate.