18096

Catherine NOLLETTI, Appellant, v. Dominic NOLLETTI, Respondent

(132 S. E. (2d) 11)

*Ryan L. Scott, Esq.,* of Columbia, *for Appellant,*

*Messrs. Clarke W. McCants, Jr.,* and *James H. Fowles, Jr.,* of Columbia, *for Respondent,*

July 11, 1963.

LEWIS, Justice.

The wife seeks in this action a divorce from her husband upon the ground of desertion. Section 20-101 (2) of the 1962 Code of Laws provides that desertion, to constitute a ground for divorce, must continue for a period of one year. The wife's complaint alleged that she was wilfully deserted by her husband on July 11, 1962. This action for divorce was instituted on August 15, 1962, approximately one month after the alleged desertion. Conceding in effect, that she would not be entitled to a divorce on the ground of desertion under the provision of Section 20-101 (2) since the period of desertion had not continued for one year prior to the commencement of the action, the wife alleged in her complaint that the legislature was without power to place a time limitation upon the period of desertion as a ground for divorce, in view of the provisions of Article 17, Section 3 of the Constitution of this State, and that Section 20-101 (2) was, therefore, unconstitutional. The lower court sustained the constitutionality of the section in question and denied the divorce because admittedly the conditions of the statute had not been met, and the wife has appealed.

The sole question for determination is whether Section 20-101 (2) of the 1962 Code of Laws is unconstitutional as

prescribing a condition to the granting of a divorce on the ground of desertion in violation of Article 17, Section 3, of the Constitution of this State.

Article 17, Section 3, of the Constitution of South Carolina originally prohibited the granting of divorces in this State. In 1949 this constitutional provision was repealed and in its stead an amendment was adopted which allows divorces upon certain specified grounds. Article 17, Section 3, as amended in 1949, now reads:

"Divorces from the bonds of matrimony shall be allowed on grounds of adultery, desertion, physical cruelty, or habitual drunkenness."

Following the adoption of the foregoing constitutional amendment, the legislature on April 15, 1949 enacted into law a comprehensive Act regulating the granting of divorces. This Act, with subsequent amendments, is now Sections 20-101 *et seq.* of the 1962 Code of Laws. Section 20-101 sets forth the grounds for divorce and is as follows:

"No divorce from the bonds of matrimony shall be granted except upon one or more of the following grounds, to wit:

"(1) Adultery;

"(2) *Desertion for a period of one year;*

"(3) Physical cruelty; or

"(4) Habitual drunkenness; provided, that this ground shall be construed to include habitual drunkenness caused by use of any narcotic drug." (Emphasis added.)

We are here concerned only with Subsection 2 of the foregoing Section. This subsection requires that desertion exist for a period of one year before a divorce can be granted on that ground, while Article 17, Section 3, authorizes desertion as a ground for divorce, without presecribing its duration. It is, therefore, argued, that, since Section 20-101 (2) imposes the condition that desertion as a ground for divorce must exist for one year and Article 17, Section 3 of the Constitution, in naming desertion as a

ground for divorce imposes no such limitation, Section 20-101 (2) is to that extent in conflict with the constitutional provision and is unconstitutional for that reason.

In *Clarke v. South Carolina Public Service Authority,* 177 S. C. 427, 181 S. E. 481, 484, the rules by which we are governed in considering the constitutionality of an act of the legislature are concisely stated as follows:

"In determining this question it is to be observed that it is a well settled rule in South Carolina that: A statute will, if possible, be construed so as to render it valid; that a legislative act will not be declared unconstitutional unless its repugnance to the Constitution is clear and beyond reasonable doubt; that every presumption will be made in favor of the constitutionality of a legislative enactment; that it will be declared unconstitutional only when its invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution; that all reasonable presumptions must be made in favor of the validity of the Act; and that the Constitution of South Carolina is a limitation upon, rather than a grant of, legislative power."

It is a well settled principle that the provisions of the Constitution of this State are a limitation of legislative power and that the legislature may enact any law not expressly, or by clear implication, prohibited by the Constitution; and, in determining the validity of a statute, the Constitution must be examined, not to ascertain whether a power has been conferred, but whether it has been taken away. *Floyd v. Parker Water & Sewer Sub-District,* 203 S. C. 276, 17 S. E. (2d) 223.

Since the legislature has plenary power in legislative matters, it may enact any law relating to the subject of divorce not prohibited by the Constitution. The only constitutional provision in this State relating to divorce is that contained in Article 17, Section 3, and any restriction upon the power of the legislature to deal with the subject of divorce must be found therein.

The constitutional provision in question specifies the grounds for divorce and is, therefore, a limitation upon the power of the legislature to allow divorces in this State upon any other grounds than those enumerated. *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123. It does not expressly, or by implication, deprive the legislature of the power to implement its provisions by legislation providing for the manner, method, and procedure for the enforcement of the right to a divorce. The Constitution simply says that divorces "shall be allowed" upon the grounds stated.

The principle is settled that the legislature may add conditions to or implement constitutional provisions, provided such enactments are not in violation of the Constitution. *Acker v. Cooley, et al.,* 177 S. C. 144, 181 S. E. 10; *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639.

The statute in question requires that one seeking a divorce upon the ground of desertion must prove that the desertion has continued for a period of at least one year prior to the commencement of the action. *Cleveland v. Cleveland,* 238 S. C. 547, 121 S. E. (2d) 98. This relates to the degree and extent of proof required in establishing the essential elements of desertion as a ground for divorce. In this respect, it is not unlike the rules of evidence adopted by this court that a divorce, as a general rule, will not be granted on the uncorroborated testimony of a party or parties to the suit, and that, unless the circumstances are aggravated, a single act of physical cruelty will not constitute ground for divorce. *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163, which are also not set forth in the Constitution.

The statutory requirement that desertion exist for at least one year prior to the commencement of the action simply places around the granting of a divorce on that ground an additional safeguard and is designed to insure that the separation is not for a light or trival reason. This is in accord with public policy relating to marriage.

As stated in *Brown v. Brown, supra,* 215 S. C. 502, 56 S. E. (2d) 330, "It is generally recognized that the public policy relating to marriage is to foster and protect it, to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. This policy finds expression in probably every state in this country in legislative enactments designed to prevent the sundering of the marriage ties for slight and trival causes, or in any case except on a full and satisfactory proof of such facts as the legislature has declared to be cause for divorce. Such provisions find their justification only in this well-recognized interest of. the state in the permanency of the marriage relation. 17 Am. Jur., Sec. 12, Page 154."

Since the public policy of the State is so vitally involved, "the application of arbitrary rules of constitutional construction should be resorted to with caution, especially when it would bring about results contrary to the declared public policy of the State and would hamper the Legislature in adequately providing for the health, morals, safety and well-being of the people. Only those things expressed in such positive affirmative terms as plainly imply the negative of what is not mentioned in view of the known policy of the State should be considered as prohibiting the powers of the Legislature." *Floyd v. Parker Water and Sewer Sub-District, supra,* 203 S. C. 276, 17 S. E. (2d) 223.

The legislation in question was designed to safeguard the institution of marriage in furtherance of the well established public policy of the State. Article 17, Section 3 of the Constitution does not in positive terms, or by plain implication, negative the exercise of the legislative power here under attack. Under these circumstances, we will not hamper the legislative efforts by resort to arbitrary rules of constitutional construction.

We agree with the lower court that Section 20-101 (2) in no way contravenes Article 17, Section 3, of the Constitution, and is a valid exercise of legislative power.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.