## 20715

Coleen B. MARLEY (Mrs. Eugene Marley), Appellant, v. Leland Eugene KIRBY, Respondent.

(245 S. E. (2d) 604)

*Berry & Berry,* Columbia, *for appellant.*

*Belser, Kemmerlin & Ravenel,* Columbia, *for respondent.*

June 19, 1978.

*Per Curiam:*

Appellant Marley challenges the constitutionality of the South Carolina comparative negligence statute, Code Section 15-1-300 (1976). We conclude the statute violates the equal protection clause of the South Carolina and United States Constitutions.

Appellant brought suit against respondent Kirby for injuries sustained in an automobile collision, and respondent counterclaimed. The trial judge charged the comparative negligence statute over appellant's objection, and the jury returned a verdict for appellant in the sum of $324.95 and for respondent in the sum of $728.67. We reverse and remand for a new trial.

Code Section 15-1-300 is a portion of the South Carolina Automobile Reparation Reform Act of 1974, often referred to as the "No-Fault" automobile insurance law. The section reads:

"§ 15-1-300. CONTRIBUTORY N E G L I G E N C E SHALL NOT BAR RECOVERY IN MOTOR VEHICLE ACCIDENT ACTION. In any motor vehicle accident, contributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence resulting in death or injury to person or property, if such contributory negligence was equal to or less than the negligence which must be established in order to recover from the party against whom recovery is sought."

Appellant asserts the statute violates the equal protection clause of Article 1, Section 3 of the South Carolina Constitution, and the Fourteenth Amendment to the United States Constitution because it applies to only one class of individuals, those involved in motor vehicle accidents. We agree.

The constitutional guarantee of equal protection of the laws requires that all persons be treated alike under like circumstances and conditions, both in the

privileges conferred and in the liabilities imposed. *Thompson v. S. C. Commission on Alcohol & Drug Abuse,* 267 S. C. 463, 229 S. E. 2d 718 (1976) ; 16 Am. Jur. 2d, Constitutional Law, § 488. While the General Assembly has the right to make reasonable classifications of persons and property for public purpose, *Hunt v. McNair,* 255 S. C. 71, 177 S. E. (2d) 362 (1970), the classification must not be purely arbitrary and must rest upon some reasonable basis. *Duke Power Company v. Bell,* 156 S. C. 299, 152 S. E. 865 (1930) ; *American Trust Co., Inc. v. S. C. State Board of Bank Control,* 381 F. Supp. 313 (D.C.S.C. 1974) ; *Reed v. Reed,* 404 U. S. 71, 92 S. Ct. 251, 30 L. Ed. (2d), 225 (1971).

This Court held in *U. S. Fidelity & Guaranty Company v. City of Newberry,* 257 S. C. 433, 186 S. E. (2d) 239 (1972), the requirement of equal protection is not fulfilled unless the classification rests upon some difference which bears a reasonable and just relation to the legislative purpose sought to be effected. There is no rational basis for separating injuries from motor vehicle accidents from injuries from other torts.

The authority of the General Assembly to control the operation of vehicles on the highways and to require operators to carry insurance is an unquestioned proper exercise of the police power; yet the extension of that power to alter a substantive rule of negligence law with respect to one class of persons is improper.

We recognize the validity of comparative negligence statutes of general application. Such statutes violate neither the due process nor equal protection clause and are enacted pursuant to the police power of a state. Am. Jur. (2d), New Topic Service, Comparative Negligence, § 4. However, a comparative negligence statute applying only to a limited class of defendants is unconstitutional. The Florida Supreme Court has struck down a comparative negligence statute applying only to railroads. *Georgia Southern &*

*Florida Ry. Co. v. Seven-Up Bottling Company,* 175 So. (2d) 39 (Fla. 1965).

The limitation of the operation of the South Carolina statute to motor vehicle accidents renders the provision constitutionally defective. We cannot perceive the rational justification for singling out persons injured in automobile accidents as different from all others injured in negligent torts.

Recently, in *Broome v. Truluck,* Smith's, S. C., 241 S. E. (2d) 739 (1978), we held a statute unconstitutional which immunized architects, engineers and contractors from tort suits after the lapse of ten years from the date of the substantial completion of the improvement causing the injury or damages. We stated:

"Certainly, such classification must fall if the benefits (immunity) granted to them is denied to others similarly situated. The latter result clearly follows when we consider that architects, engineers, and contractors are not the only persons whose negligence in the improvement of real property may cause damage or injury to others."

Similarly here, persons operating motor vehicles are not the only ones whose negligence may cause damage or injury to others.

We need not consider appellant's remaining exception to the constitutionality of the statute. In light of our conclusion that the statute violates the equal protection clause, it was error for the trial judge to include it in his charge. Appellant is entitled to a new trial.

Reversed and remanded.