21059

Ruby RAMEY, Respondent, v. Williard C. RAMEY, Appellant.
(258 S. E. (2d) 883)

J. D. Todd, Jr., of *Leatherwood, Walker, Todd & Mann,*
Greenville and *Felix L. Finley, Jr.,* of *Finley, Ponder &
Warlick,* Pickens, *for Appellant.*

*Michael Parham,* of *Abrams, Bowen, Robertson, Tapp & Parham,* Greenville, *for Respondent.*

*Joel D. Bailey* and *Charles B. Macloskie,* Beaufort, for *S. C. Trial Lawyers Ass'n, amicus curiae.*

September 25, 1979.

NESS, Justice:

Respondent, Ruby Ramey, challenges the constitutionality of the South Carolina Guest Statute, § 15-1-290, Code of Laws of South Carolina (1976). We conclude the statute violates the equal protection guarantees of the South Carolina and United States Constitutions.

Respondent sued her husband, Williard, for personal injuries sustained by her while a non-paying guest passenger in his motor vehicle. In his answer the appellant, Williard Ramey, alleged that the accident was not intentional on his part and denied that he was guilty of any reckless, wilful, or wanton misconduct in the operation of his automobile within the meaning of the South Carolina Guest Statute. The gravamen of this section is to require a non-paying guest to prove more than simple negligence as a basis for recovery.

The lower court granted plaintiff's motion to strike, holding that the guest statute was inherently unconstitutional because there was "no rational justification for singling out persons injured in automobile accidents as different from all others injured in negligent torts . . ." (Tr. p. 10). We affirm.

The text of the statute is as follows:

"§ 15-1-290. Liability for injury to guests in car.

"No person transported by an owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action against such motor vehicle or its owner or operator for injury, death or loss in case of an accident unless such accident shall have been in-

tentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others.

"This section shall not relieve a public carrier or any owner or operator of a motor vehicle which is being demonstrated to a prospective purchaser of responsibility for any injuries sustained by a passenger while being transported by such public carrier or while such motor vehicle is being so demonstrated."

The sole question for determination by this Court is set out in appellant's brief as follows:

"Is § 15-1-290 of the South Carolina Code of Laws (the South Carolina Guest Statute) inherently unconstitutional as being violative of Article I, Section 3 of the Constitution of the State of South Carolina and the Fourteenth Amendment to the Constitution of the United States?" (Appellant's Brief, p. 5).

The Fourteenth Amendment to the United State Constitution reads:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

Prior to the enactment of the guest statute in 1930, the common law imposed a duty of reasonable care on those who transported non-paying guests. This standard of care altered by the guest statute which rendered a gratuitous guest's recovery contingent upon a showing of intentional or reckless misconduct by the host driver.

Between 1927 and 1939, twenty-seven states enacted versions of the guest statute, ostensibly to promote the follow-

ing two goals: (1) the protection of host drivers from suits by ungrateful guests; and (2) the elimination of collusive lawsuits. With the advent of widespread automobile liability insurance, however, there has been increasing criticism of the guest statute in both academic and judicial forums.[1] Judicial tribunals have questioned whether guest statutes actually serve to further the twin goals which spurred their enactment. In recent years, nine states have held their guest statutes unconstitutional[2] despite the decision of the United States Supreme Court in *Silver v. Silver,* 280 U. S. 117, 50 S. Ct. 57, 74 L. Ed. 221 (1929).[3]

In *Silver,* the Supreme Court considered whether the Connecticut guest statute impermissibly distinguished gratuitous passengers in automobiles from those in other classes of vehicles. In upholding the statute's constitutionality, the Court stated:

"[I]t is not so evident that no grounds exist for the distinction that we can say a priori that the classification is one forbidden as without basis, and arbitrary." 280 U. S. at 123, 50 S. Ct. at 59.

The *Silver* case is distinguishable as it did not consider the two historical justifications for the guest statute to de-

---

[1] See, *e.g.,* Prosser, Law of Torts, 4th Ed., pp. 186. 187; 35 ATLA Law Journal 46 et seq.; 36 ATLA Law Journal 36 et seq.; Lascher, "Hard Laws Make Bad Cases—Lots of Them (The California Guest Statute)", 1968, 9 Santa Clara Law 1; Gibson, "Guest Passenger Discrimination," 1968. 6 Alberta L. Rev. 211; Note, "The Case Against the Guest Statute," 1966, 7 Wm. & Mary L. Rev. 321; Weinstein, "Should We Kill the Guest Passenger Act," 1965, 33 U. Det. L. Rev. 185; Allen, "Why Do Courts Coddle Insurance Companies," 1927, 61 Am. L. Rev. 77; *Brown v. Merlo,* 8 Cal. (3d) 855, 106 Cal. Rptr. 388, 506 P. (2d) 212 (1973); *Clark v. Clark,* 107 N. H. 351, 222 A. (2d) 205 (1966); *Stevens v. Stevens,* 355 Mich. 363, 94 N. W. (2d) 858 (1959); *Hewlett v. Schadel* (4th Cir. 1934), 68 F. (2d) 502.

[2] *Nehring v. Russell,* 582 P. (2d) 67 (Wyo. 1978); *Manistee Bank & Trust Co. v. McGowan,* 394 Mich. 655, 232 N. W (2d) 636 (1975); *Primes v. Tyler,* 43 Ohio St. (2d) 195, 331 N. E. (2d) 723 (1975); *Laakonen v. Eighth Judicial District Court,* 91 Nev. 506, 538 P. (2d) 574 (1975); *McGeehan v. Bunch,* 88 N. M. 308, 540 P (2d) 238 (1975); *Thompson v. Hagan,* 96 Idaho 19, 523 P. (2d) 1365 (1974); *Henry v. Bauder,* 213 Kan. 751, 518 P. (2d) 362 (1974); *Johnson v. Hassett,* 217 N. W. (2d) 771 (N. D. 1974); *Brown v. Merlo,* 8 Cal. (3d) 855, 106 Cal. Rptr. 388, 506 P. (2d) 212 (1973).

[3] The constitutionality of the South Carolina guest statute has not been raised heretofore.

termine if there was a rational connection between the objectives of the statute and the means provided to accomplish the objectives. Moreover, in *Silver,* the plaintiff attacked the statute solely on the ground that the distinction drawn between automobile guests and guests in other conveyances was impermissible. In rejecting this limited argument, the *Silver* Court approached the guest statute simply as one of the many automobile regulatory measures then being enacted. As noted by the Supreme Court of Idaho in a recent decision rejecting the constitutionality of that state's guest statute:

"The *Silver case* appears to have taken the approach that all regulations of automobiles are constitutional without examining the regulations in detail." *Thompson v. Hagan,* 96 Idaho 19, 523 P. (2d) 1365, 1370 (1974).

Our view parallels those of other courts which have held their guest statutes unconstitutional. The 1929 *Silver* decision is neither persuasive nor controlling due to its limited scope.

The prevailing equal protection standard is whether a legislative classification which excludes a certain class of persons is rationally related to the object of the statute. *Reed v. Reed,* 404 U. S. 71, 92 S. Ct. 251, 30 L. Ed. (2d) 225 (1971); *Marley v. Kirby,* 271 S. C. 122, 245 S. E. (2d) 604 (1978).[4] As stated earlier, two distinct justifications—(1) the protection of hospitality and (2) the elimination of collusive lawsuits—have traditionally been proffered to support the guest statute. Upon analysis, neither justification constitutes a rational basis for the differential treatment spawned by the statute.

First, the "protection of hospitality" rationale does not justify the statute's differential treatment of *automobile* guests [5] as distinguished from all other recipients of a host's generosity. Our compulsory insurance law which requires

---

[4] As "guest" is not defined in the statute and is left entirely for the courts to decide on a case by case basis, it is insufficient to say we are dealing with a legislative classification.

[5] Code § 55-1-10 applies the same limitations to aircraft; in this connection, see *Messmer, et al. v. Ker,* 96 Idaho 75, 524 P. (2d) 536 (1974).

every policy to afford uninsured motorist coverage to the insured defeats the hospitality argument upon which most prior cases have relied. If the hospitality justification were ever compelling, it has lost its force today. *Manistee Bank & Trust Co. v. McGowan,* 394 Mich. 655, 232 N. W. (2d) 636 (1975) ; *Cohen, et al. v. Kaminetsky, et al.,* 36 N. J. 276, 176 A. (2d) 483 (1961).

The "collusion prevention" rationale is similarly untenable. Although the guest statute may prevent some collusive suits between hosts and their passengers, the statute's over-inclusiveness is devastating as it operates to bar the great majority of *valid* claims.

"[T]he wholesale elimination of all guests' causes of action for negligence does not treat similarly situated persons equally, but instead improperly discriminates against guests on the basis of a factor which bears no significant relation to actual collusion." *Brown v. Merlo,* 8 Cal. (3d) 855, 106 Cal. Reptr. 388, 391, 506 P. (2d) 212, 215 (1973).

We believe the proper way to ferret out fraudulent actions is to impose existing civil law sanctions rather than to exclude an entire class of claims. Therefore, we cannot accept the premise that the supposed prevention of collusive lawsuits may justify a statute which bars meritorious litigation.

Having concluded the guest statute bears no rational relation to its ostensible purpose, the reasoning of *Marley v. Kirby, supra,* becomes apposite. In *Marley,* the South Carolina comparative negligence statute, Code § 15-1-300 (1976), was held constitutionally defective on equal protection grounds due to its irrational limitation to motor vehicle accidents.[6]

We believe the guest statute is doubly onerous, as it is limited to motor vehicles and is accordingly defective under

---

[6] See *Wessinger v. Southern Ry. Co.,* 470 F. Supp. 930 (D. C. S. C. 1979).

*Marley,* and it irrationally distinguishes non-paying guests from paying passengers.

We affirm the trial court's conclusion that Code § 15-1-290 violates the equal protection guarantees of Article I, § 3 of the South Carolina Constitution, and the Fourteenth Amendment to the United States Constitution and apply this holding with modified prospectivity to all similar pending and future actions.

LEWIS, C. J., and GREGORY, J., concur.

LITTLEJOHN and RHODES, JJ., dissent.

LITTLEJOHN, Justice (dissenting) :

I respectfully dissent and would reverse the order of the lower court.

Our guest statute was enacted by the legislature in 1930. It is an exact copy of one enacted by the legislature of Connecticut in 1927. *See Fulghum v. Bleakley,* 177 S. C. 286, 181 S. E. 30 (1935). In *Silver v. Silver,* 280 U. S. 117, 50 S. Ct. 57, 74 L. Ed. 221 (1929), the United States Supreme Court held the Connecticut statute constitutional. In *Cannon v. Oviatt,* 419 U. S. 810, 95 S. Ct. 24, 42 L. Ed. (2d) 37 (1974), the same Court summarily affirmed the Utah Supreme Court's decision upholding its guest statute. This court is bound, as to the federal Constitution, by the ruling implicit in the summary dismissal. *See Hicks v. Miranda,* 422 U. S. 332, 95 S. Ct. 2281, 45 L. Ed. (2d) 223 (1975). I would hold that the statute does not violate the fourteenth amendment of the Constitution of the United States.

Article I, § 3 of the Constitution of South Carolina reads as follows :

"§ 3. Privileges and immunities; due process; equal protection of laws.

"The privileges and immunities of citizens of this State and of the United States under this Constitution shall not

be abridged, nor shall any person be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws."

While the federal cases do not dispose of the equal protection claim under the South Carolina Constitution, they are entitled to much weight. *See In Re Hearing Before Joint Legislative Committee,* 187 S. C. 1, 196 S. E. 164, 118 A. L. R. 591 (1938).

The motion in this case, and the appeal before us, was apparently inspired by our recent holding in *Marley.*[1] While this case is of interest and is of some persuasion, it is not controlling because of the factual differences.

The issue is basically one of classification. The fundamental tenets regarding equal protection are easily enunciated but, quite often, difficult to apply. Clearly, equal protection does not forbid discrimination with respect to groups that are situated differently. 16 Am. Jur. (2d) *Constitutional Law* § 488. A legislative classification should be (1) reasonable in light of the purpose of the legislation; (2) based on proper distinctions considering its purpose, and (3) not arbitrary or a subterfuge to unduly burden or oppress a particular group. 16 Am. Jur. (2d) *Constitutional Law* § 494. The legislature enjoys wide discretion in enacting laws which establish classifications. A classification in a statute should be upheld if any set of facts reasonably can be conceived that would sustain it. *Morey v. Doud,* 354 U. S. 457, 77 S. Ct. 1344, 1 L. Ed. (2d) 1485 (1957). The burden of showing that a statute does not rest upon any reasonable basis is upon the one who attacks it, in this case the plaintiff.

In *University of South Carolina v. Mehlman,* 245 S. C. 180, 139 S. E. (2d) 771 (1964), this court reiterated a rule firmly established in this state:

"We are called upon to pass upon the constitutionality of an Act passed by the General Assembly. In determining this

---

[1] Cited in majority opinon.

question, it is a well settled rule in this State that a statute will, if possible, be construed so as to render it valid; that a legislative Act will not be declared unconstitutional unless its repugnance to the Constitution is clear and beyond reasonable doubt; that every presumption will be made in favor of the constitutionality of a legislative enactment; that it will be declared unconstitutional only when its invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution; that all reasonable presumptions must be made in favor of the validity of the Act; and that the Constitution of South Carolina is a limitation upon, rather than a grant of, legislative powers. *Clarke v. South Carolina Public Service Authority,* 177 S. C. 427, 181 S. E. 481; *Nolletti v. Nolletti,* 243 S. C. 20, 132 S. E. (2d) 11."

I would decline to hold that this statute, in existence for almost 50 years and heretofore uncontested, is repugnant to our constitution beyond a reasonable doubt. There is involved a policy consideration which the legislature had the right to determine.

Actions in tort basically involve a breach of duty. The duty owed by a defendant to a plaintiff depends in large part upon the relationship existing between the two. The relationship between the driver of a motor vehicle and a pedestrian is different from the relationship between the driver of a motor vehicle and a nonpaying guest. The relationship between the driver of a motor vehicle and a paying guest is also different. The legislature was entitled to consider the relationship between a driver and a nonpaying passenger in enacting the legislation here involved. Classification is primarily for the legislature, and the courts should not interfere unless classification is clearly unreasonable.

I agree with the Supreme Court of Connecticut in *Silver,*[2] wherein it said,

---

[2] *Silver v. Silver,* 108 Conn. 371, 143 A. 240 (1928).

"There is inherent justice in the requirement that one who undertakes to perform a duty gratuitously should not be under the same measure of obligation as one who enters upon the same undertaking for pay, and the reason for a distinction between the measure of liability in the case of a gratuitous bailment and gratuitous transportation is not obvious. It seems to us that the Legislature was acting well within the limits of the police power in making a distinction between the degree of care to be exercised by the owner or operator of a motor vehicle toward a guest and that to be exercised toward one who pays for his transportation."

The duty owed a guest in various situations has always been slightly different from the duty owed to others. A landowner owes one duty to an invitee, but another duty to a licensee. Guests in airplanes are held to the same burden of proof as guests in automobiles. Cole § 55-1-10.

The constitutional guarantee does not prevent classification, but requires that classification shall be reasonable, not arbitrary, and that it shall rest upon distinctions having a fair and substantial relation to the object sought to be accomplished by the legislation.

This statute was enacted at a time when motor vehicles were coming into popular use by the great mass of people. Such use brought into existence a problem with which the legislature was entitled to deal. The statute, until this case, has remained constitutionally unchallenged before this court. The legislature has apparently been satisfied that the statute properly adjusts the rights of motor vehicle drivers and non-paying guests.

I would hold that the South Carolina Guest Statute does not violate the equal protection clause of either the Constitution of the United States or the Constitution of South Carolina.

RHODES, J., concurs.