21426

George F. DUNN, Administrator c.t.a., d.b.n., of the Estate of Evelyn Brown Dunn, Plaintiff-Appellant, v. NORTH CAROLINA NATIONAL BANK, Defendant-Appellant, and South Carolina State Board of Financial Institutions, Respondent.

(277 S. E. (2d) 143)

*Claude M. Epps, Jr.* and *Henrietta U. Golding, Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for plaintiff-appellant.*

*Wesley M. Walker* and *Michael J. Giese, Leatherwood, Walker, Todd & Mann,* Greenville, *for defendant-appellant.*

*Charles W. Knowlton, John H. Lumpkin, Jr.* and *Daryl L. Williams, Boyd, Knowlton, Tate & Finlay* and *Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen., Richard B. Kale,* Columbia, *for respondent.*

April 7, 1981.

LEWIS, Chief Justice:

This appeal concerns the constitutionality of certain provisions of Section 21-29-40, South Carolina Code (1976), which prohibits a foreign corporation that is domiciled or licensed to do business in a state contiguous to the state of South Carolina from performing as a testamentary trustee. We find that the statutory scheme offends the provisions of our State Constitution and reverse.

In 1973, Mrs. Dunn and her husband executed a will in North Carolina, whereby the remainder of her estate was granted to a "pour-over" trust to be administered by the North Carolina National Bank (NCNB). She was a regular customer of the bank. She also created at that time an inter-vivos trust and appointed NCNB as trustee. Later in that year, the Dunns retired and moved from Charlotte to Myrtle

Beach, where they established a new domicile. Three years later, Mrs. Dunn passed away and her husband was appointed executor, by her will, to carry out her intentions. During the administration of the estate, it came to light that the statute herein challenged operated to prohibit Mrs. Dunn's testamentary disposition. Thereafter, Mr. Dunn, as executor, initiated this action seeking to have the statutes, to the extent they prohibited a devise to NCNB as trustee of the "pour-over" trust, declared unconstitutional. During the pendency of this action, Mr. Dunn passed away and their son was substituted as plaintiff.

NCNB was made a defendant to allow it to assert whatever interest it may have in the litigation. NCNB is a national bank with its principal business in North Carolina. It is authorized to act as a testamentary trustee in North Carolina and it has a bona fide capital of at least $250,000 actually paid in.

The challenged statutes have been labeled by the parties as a "lock-out" because of the effect of their provisions.

Section 21-29-40, South Carolina Code of Laws (1976) provides in relevant part:

(a) No corporation created by another state of the United States or by any foreign state, kingdom, or government, and no corporation created under the laws of the United States and not having a place of business in the State of South Carolina shall be eligible or entitled to qualify, serve, or hold title to property in this State as testamentary trustee of an estate of any person domiciled in this State at the time of his death, whether the decedent shall die testate or intestate, except, however, such foreign corporations may act as testamentary trustee in this State if:

(1) It has a bona fide capital of at least $250,000 actually paid in;

(2) It is authorized to act as testamentary trustee in the state in which it is incorporated or if such foreign corpora-

tion be a national banking association in the state in which it has its principal place of business; and

(4) Such foreign corporation is not domiciled or licensed to do business in a state contiguous to the State of South Carolina.

Operating in tandem with this provision are those of Section 21-33-20:

Notwithstanding anything to the contrary, no devise or bequest may be made by a will to the trustee of a trust where the trustee or all of the trustees could not qualify as a testamentary trustee under the laws of this State.

It is undisputed by the parties to this action that under our present statutory system, NCNB cannot qualify as a testamentary trustee for the sole reason that it is contiguous to South Carolina; however, a corporation domiciled or licensed to do business in any other state which does not touch this State's border has the ability to qualify.

The lower court found that the plaintiff Dunn had no standing to challenge the legislation because the statutes are aimed at foreign corporations. In so ruling, the court apparently relied on the general rule that no one can obtain a decision as to the invalidity of a law on the grounds that it impairs rights of others. See *Dillon County v. Maryland Casualty Co.,* 217 S. C. 66, 59 S.E. (2d) 640. We disagree, as the challenge of Mrs. Dunn's estate is not an attempt to assert the rights of others, but rather involves her own interests which are affected.

Mrs. Dunn had selected NCNB as the corporation she wished to administer her trust. As previously indicated, it is undisputed her choice of trustee will be prevented by the challenged legislation. We think there is affected a sufficient interest to allow Mrs. Dunn's challenge.

As to the merits of Mrs. Dunn's claim, the trial judge found that the statutes do not violate the equal protection provisions of Article I, Section 3 of our State

Constitution. The appellant alleges this as error. She argues that she is a member of an identifiable group of testators wishing to choose a foreign corporation as a testamentary trustee, but that she is treated differently from other members because she is not permitted to select NCNB due to its contiguous relationship to this State. The respondent counters that no infirmity is present as the statute applies to all South Carolina residents. We agree with the appellant.

While it is true that all the residents of South Carolina are barred from using a contiguous state, this is not determinative. The focus is whether it treats persons alike under like circumstances and conditions.

The constitutional guarantee of equal protection of the laws requires that all persons be treated alike under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed. *Marley v. Kirby*, 271 S. C. 122, 245 S.E. (2d) 604, 271 S.C. at 123, 245 S.E. (2d) at 605.

The challenged legislation purports to control a testator's selection of a foreign corporation as a testamentary trustee. This is a group which is similarly situated and which we must scrutinize to ascertain if its members are treated differently. A testator who wishes to engage the services of a testamentary trustee from North Carolina or Georgia is treated differently from a testator desirous of selecting a trustee from any other state. One of the testators is allowed his choice, while the other is prohibited from his choice. We therefore hold that since testators wishing to use a foreign corporation as a testamentary trustee are treated differently, our State's equal protection clause is implicated.

Having so concluded, we next consider the reasonableness of the classification, for as we said in *Marley,* supra:

While the General Assembly has the right to make reasonable classifications of persons and property for public purpose, *Hunt v. McNair*, 255 S. C. 71, 177 S. E. (2d) 362 (1970), the classification must not be purely arbitrary

and must rest upon some reasonable basis. 271 S. C. at 124, 245 S. E. (2d) 605.

The respondent has argued that no classification is involved and has put forth no argument to support the reasonableness of the legislative classification. We are unable to ascertain any legitimate interest which is advanced by preventing a testator from choosing a corporation trustee as nearby as a neighboring state when any other testator could freely choose such a trustee separated from this state by a continent and an ocean. While we recognize the ability of the legislature to exercise the police power for protection of residents, that power cannot be wielded in an arbitrary fashion. We therefore hold the challenged statutes are violative of Article I, Section 3.

In light of the foregoing disposition, we need not consider the remaining assignments of error.

Judgment is reversed and remanded for trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.